FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JAN 22   PM 12: 23

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YAHYA ABDUSSAMADI, #33975-118          *
    Petitioner,
            *

v.           CIVIL ACTION NO. JKB-14-2105
            *

WARDEN TIMOTHY STEWART, et al.
    Respondents.   *
         *****

## MEMORANDUM

## I. Background

On June 30, 2014, the Clerk received this 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Yahya Abdussamadi, who is confined at the Federal Correctional Institution in Cumberland, Maryland. Petitioner challenges the failure of the United States Parole Commission ("USPC") to provide him a parole re-hearing in 1976. A brief overview of petitioner's criminal case history during the relevant period of time follows.

Petitioner was convicted of robbery in the United States District Court for the District of Columbia on October 30, 1970, and was sentenced to twelve years in prison. He was granted parole on August 30, 1973. In 1973, however, petitioner was arrested on charges of first-degree burglary, kidnapping while armed, armed robbery, and carrying a pistol without a license. He was convicted on those charges in the Superior Court of the District of Columbia and on June 18, 1975, was sentenced to an aggregate term of 38 years, 10 months, and 6 days, with a full-term expiration date of September 30, 2012. Petitioner's parole was revoked on April 12, 1974, by the United States Parole Board ("Board"),[1] and petitioner was given a two-year set-off with an institutional review to occur in

_____

[1]   The Board was the predecessor of the United States Parole Commission.

March of 1976. ECF No. 5, Ex. 1. That review, which never occurred, provides the impetus for the filing of this petition. Thereafter, on December 10, 1976, petitioner was convicted of attempted escape in the United States District Court for the Eastern District of Virginia and was sentenced to a consecutive three-year term. The aggregate sentence for these convictions was over 41 years. *See Abdussamadi v. Harris*, Civil Action No. CKK-01-0190 (D.D.C. 2001) at ECF No. 18.

On April 15, 1985, petitioner was paroled by the USPC on the aggregate sentence noted above. ECF No. 5, Ex. 3. Ten months later, on February 28, 1986, the USPC issued a warrant charging petitioner with parole violations. *Id.*, Ex. 4. The USPC requested that the warrant be issued as a detainer. *Id.*, Ex. 5.

On January 1, 1987, the Superior Court for the District of Columbia sentenced petitioner to 20 to 60 months for carrying a dangerous weapon. *Id.*, Ex. 6. Thereafter, the U.S. Marshal was instructed to remove the USPC detainer and to transfer the warrant to the Board for appropriate action. *Id.*, Ex. 7. On August 12, 1987, the Board denied parole on the carrying-a-dangerous-weapon conviction and ordered a re-hearing for March 24, 1988. *Id.*, Ex. 8. The Board issued a detainer warrant on January 26, 1988, charging petitioner with the parole violation originally charged by the USPC. *Id.*, Ex. 9. On April 8, 1988, the Board paroled petitioner from the dangerous weapon conviction to the Board's detainer warrant. *Id.*, Ex. 10.

On May 10, 1988, the Board revoked parole, but on May 11, 1988, it paroled petitioner to work release with an effective date of November 6, 1989. ECF No. 5, Exs. 11 & 12. On June 22, 1990, the Board "set aside" the grant of parole and on August 6, 1990, ordered parole under supervision, with petitioner to remain under supervision until November 8, 2017. *Id.* Exs. 13-15.

2

On July 21, 1997, the Board issued a parole violation warrant. ECF No. 5, Ex. 16. Petitioner was arrested on the warrant on October 7, 1997, and his parole was revoked on December 16, 1998, for failing to obey all laws, travelling out of limits without approval, and failing to carry out parole instructions. *Id.*, Exs. 16 & 17. Petitioner was transferred to the jurisdiction of the USPC pursuant to the National Capital Revitalization and Self-Government Improvement Act.[2]

On November 8, 2000, the USPC held a special revocation reconsideration hearing and petitioner was given a presumptive parole release date of October 8, 2002. He was released on parole on October 8, 2002. *Id.*, Exs. 19 & 20. He was to remain under parole supervision until December 10, 2016. *Id.*, Ex. 20. A warrant was issued on March 2, 2011, charging petitioner with parole violations following his arrest for possession with intent to distribute controlled substances. *Id.*, Ex. 21. The warrant was supplemented by the USPC on May 22, 2013, with the additional information that petitioner had been convicted of the narcotic offenses (possession with intent to distribute oxycodone and heroin). *Id.*, Ex. 23. Petitioner was sentenced on the drug offenses to a cumulative 36-month term of imprisonment, to be followed by five years of supervised release. *Id.*

Petitioner was taken into custody on the USPC parole violation warrant on September 26, 2013, and a revocation hearing was held on November 19, 2013. *Id.*, Exs. 24 & 25. Parole was revoked and petitioner was denied credit for the 131 months he spent on parole. The USPC also ordered that petitioner serve 71 months or until January 5, 2017, prior to re-parole. *Id.*, Ex. 26. The

---

[2]      The National Capital Revitalization and Self-Government Improvement Act ("Act") transferred parole release and revocation functions over District of Columbia ("D.C.") felony offenders from the former D.C. Board of Parole to the USPC. *See Franklin v. District of Columbia*, 163 F.3d. 625, 632 (D.C. Cir. 1998); *see also Simmons v. Shearin*, 295 F. Supp. 2d 599, 602 (D. Md. 2003).

decision was affirmed by the National Appeals Board.[3]  ECF No. 5, Ex. 27.  The current full-term expiration date of petitioner's sentence is September 7, 2037.  *Id.*, Ex. 28.  Respondent maintains that the D.C. Department of Corrections has computed the expiration date as to petitioner's 1975 and 1976 convictions as November 5, 2017.  *Id.*, Ex. 29.

Petitioner contends that the failure to afford him a hearing in 1976 allowed the USPC to impose more severe penalties on his subsequent parole violations.  Respondents have filed a motion to dismiss or, in the alternative, for summary judgment, which has been construed as a motion for summary judgment.[4]  ECF No. 5.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion.  ECF No. 6.  Petitioner has filed an opposition and respondents have filed a reply.  ECF Nos. 7 & 8.  For reasons to follow, summary judgment shall be granted.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The purpose of the rule is to "test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127

---

[3]       Under 28 C.F.R. § 2.26, a prisoner may submit to the National Appeals Board a written appeal of any decision to grant, rescind, deny, or revoke parole.

[4]       The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent they are not inconsistent with any statutory provisions or the rules governing habeas corpus proceedings.  Thus, it is proper to file a motion to dismiss or for summary judgment under Rule 12 or 56 in this habeas action. *See Fisher v. Volunteers of America*, No. PWG–13–1916, 2014 WL 652051, at *1 n.1 (D. Md. Feb. 14, 2014); *Brunson v. Warden*, No. GLR–12–1416, 2012 WL 3678150, at *2 (D. Md. Aug. 24, 2012).

S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79, 129 S. Ct. 1937. *See Velencia v. Drezhlo*, RDB-12-0237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S. Ct. 1937.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB–12–1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC–10–2853, 2011 WL 1375970, at *2–3 (D. Md. Apr. 12, 2011). However, if the court considers matters outside the pleadings, as the court does here, the court must treat the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d);

*Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, 916 F. Supp. 2d 620, 622–23 (D. Md. 2013).

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833-34 (4th Cir. 2013). When considering cross-motions for summary judgment, the court must consider "each motion ... individually" and view "the facts relevant to each ... in the light most favorable to the non-movant." *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317, 331-332 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

**III. Analysis**

Prior to filing an application for writ of habeas corpus under 28 U.S.C. § 2241, a prisoner must exhaust his available remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (stating that "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"); *Williams v. O'Brien*, 792 F.2d 986 (10th Cir. 1986) (dismissing

habeas petition brought pursuant to § 2241 for failure to exhaust Bureau of Prisons' administrative remedies regarding sentence computation); *Walker v. Stanley*, 216 F. App'x 803, 803-04 (10th Cir. 2007) (unpublished) (denying habeas petitioner's request for certificate of appealability because district court properly dismissed his § 2241 petition challenging parole revocation based on petitioner's failure to exhaust state court remedies).

Prisoners challenging decisions of the USPC must exhaust administrative remedies under 28 C.F.R. §§ 2.25 and 2.26 prior to filing under § 2241. *See Clifton v. Richards*, 17 F.3d 1433, 1994 WL 52199, at *1 (4th Cir. Mar. 2, 1994) (unpublished) (*per curiam*) (citing *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam)). In order to exhaust the administrative remedy procedure, a prisoner must file an appeal with the National Appeals Board. 28 C.F.R. § 2.26(a)(1). The filing of an appeal is necessary even when the appeal would be untimely because the exhaustion doctrine does not require that the National Appeals Board actually consider the merits of the appeal but rather that it have an opportunity to review the decision reached by the USPC. The untimeliness of an appeal does not render the administrative remedy procedure futile because while the National Appeals Board may deny the appeal as untimely, it may also, in its discretion, allow an out of time appeal and consider the merits of the claims. 28 C.F.R. § 2.26(a)(2).

Respondents argue that inasmuch as petitioner did not file an appeal with the National Appeals Board concerning the failure to provide him a set-off hearing in 1976, his petition should be dismissed as unexhausted. The court concurs. Petitioner did not exhaust his available remedies prior to bringing this action and the petition is subject to dismissal.

Further, petitioner's claim that the failure to hold the USPC institutional review of his 12-year sentence in 1976 subjected him to harsher parole violation terms is belied by the record. The

7

two-year setoff for institutional review, originally scheduled in 1974, was not held because in 1975 petitioner was sentenced on his armed kidnapping and armed robbery offenses. Simply put, those convictions and the 30-year sentence imposed, along with the remainder of the original 12-year sentence, were aggregated into a term of over 38 years. Petitioner was rendered ineligible for parole release on his aggregate sentence.[5]   Moreover, the record history of petitioner's criminal offenses, periods of parole supervision, and parole releases and violations show that his revocations were not rendered more severe by the failure of the USPC to hear his set-off review in 1976. Rather, it was petitioner's own actions that resulted in his parole revocation and the decisions to deny him credit for parole time and to extend his aggregate sentence when revoking his parole.

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An inmate satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-el v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability.

---

[5]    To the extent that petitioner claims he was eligible for parole because his sentences were improperly aggregated, his claim is not subject to review as there is no showing that he exhausted the sentence computation issue with the Bureau of Prisons as required. *See United States v. Wilson*, 503 U.S. 329, 335 (1992).

**V.     Conclusion**

For reasons articulated by the court, respondents' motion, construed as a motion for summary

judgment, shall be granted.  The petition shall be denied and the case closed.

Date: _Jan. 21, 2015_          _James K. Bredar_
                               James K. Bredar
                               United States District Judge

9